FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ NOV 24 2015 ★

LONG ISLAND OFFICE

NB:JJD:LTG:JMM
F.#2014R01885

CR 15 591

WEXLER, J

LINDSAY, M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

ANTHONY LETO,

              Defendant.

- - - - - - - - - - - - - -X

<u>I N F O R M A T I O N</u>

Cr. No. _____
(T. 18, U.S.C., §§ 1512(k) and 3551
et seq.)

THE UNITED STATES ATTORNEY CHARGES:

<u>INTRODUCTION</u>

At all times relevant to this Information, unless otherwise indicated:

1.     The defendant ANTHONY LETO was a police officer with the rank of Detective at the Suffolk County Police Department ("SCPD").

2.     John Doe #1, an individual whose identity is known to the United States Attorney, held the rank of Chief of Department of the SCPD, and, as such, was LETO's superior officer.

3.     On or about December 14, 2012, within the Eastern District of New York, John Doe #2, an individual whose identity is known to the United States Attorney, was arrested on suspicion of burglarizing motor vehicles, including a motor vehicle issued to and possessed by John Doe #1.   Thereafter, John Doe #2 was transported to the Fourth Precinct of the SCPD, placed inside of an interview room, and handcuffed to a permanent fixture inside of

the room.

4.     Later that day, John Doe #1 entered the interview room, accompanied by the defendant ANTHONY LETO and other members of the SCPD. While John Doe #2 was handcuffed, John Doe #1 slapped and punched John Doe #2 about the head, face and body in the presence of LETO and other SCPD officers, none of whom attempted to intervene. Shortly thereafter, John Doe #2 confessed to the burglary of the vehicle issued to and possessed to by John Doe #1.

5.     During his subsequent prosecution on state burglary charges, John Doe #2 alleged in court pleadings that his confession was involuntary because, in part, he had been beaten by John Doe #1.

The Federal Investigation

6.     In or about April 2013, the Federal Bureau of Investigation ("FBI") initiated an investigation of the assault of John Doe #2 on December 14, 2012, while John Doe #2 was in SCPD custody (the "Federal Investigation").   On or about June 25, 2013, FBI special agents served federal grand jury subpoenas to members of the SCPD, including the defendant ANTHONY LETO, and attempted to interview LETO and others about the December 14, 2012 assault of John Doe #2.

7.     In or about and between December 2012 and March 2014, both dates being approximate and inclusive, the defendant ANTHONY LETO and John Doe #1, together with others, met to discuss John Doe #2's assault allegations and all agreed to conceal John Doe #1's assault of John Doe #2 by, among other means, agreeing to provide false testimony under oath about the assault and agreeing to provide false information and/or to withhold

relevant information from the FBI to conceal evidence of the assault.

       8.     On or about October 28, 2013, with knowledge of the pending Federal Investigation, the defendant ANTHONY LETO testified under oath at a pretrial hearing in New Your State Supreme Court in Suffolk County, New York, that John Doe #1 had not assaulted John Doe #2 on December 14, 2012, when in truth and in fact, as LETO then and there well knew and believed, John Doe #1 repeatedly struck John Doe #2 on that date.

CONSPIRACY TO COMMIT OBSTRUCTION OF JUSTICE

       9.     The allegations set forth in paragraphs one through eight are realleged and incorporated as if fully set forth herein.

       10.     In or about and between December 2012 and October 2015, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ANTHONY LETO, together with others, did knowingly, intentionally and corruptly conspire to obstruct, influence and impede an official proceeding, to wit: the Federal Investigation, by agreeing to conceal John Doe #1's assault of John Doe #2 and by testifying falsely under oath that John Doe #1 had not assaulted John Doe #2, when in truth and in fact, as LETO then and there well knew and believed, John Doe #1 repeatedly struck John Doe #2 while John Doe #2 was handcuffed and in the custody of the SCPD, contrary to Title 18, United States Code, Section 1512(c)(2).

      (Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

 

_____

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #20__R___
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*ANTHONY LETO,*

Defendant.

# INFORMATION

(T. 18, U.S.C., §§1512(c)(2), 1512(k) and 3551 et seq.)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
*Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _

_____

*Lara Treinis Gatz/James Miskiewicz, Assistant U.S. Attorneys*

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

NOV 17 2015

★ ★

LONG ISLAND OFFICE